431-15 432-15 433-15 Carbon Copy (2)

P. D. R

Petition For Discretionary Review

ORIGINAL          In The
Court of Criminal Appeals Texas

_____

Markus Antonius Green Pro Se
        Petitioner

_____

Petitioner's Brief & Summary

_____

Markus A Green #1118715
Appearing Pro Se
Neal Unit Facility F-217-B
9055 Spur Rd. 591
Amarillo, Texas 79107

FILED IN
COURT OF CRIMINAL APPEALS

MAY 04 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 01 2015

Abel Acosta, Clerk

## Identity of Parties

### Trial court

Markus Antonius Green # 1118715
Neal Unit Facility F-217-B
9055 Spur Rd 591
Amarillo, Texas 79107

Hon. Michael Sheppard
District attorney
307 N. Gonzales Street
Cuero, Texas 77954

### appellate court

Markus Antonius Green
TDCJ # 1118715
Neal Unit Facility F-217-B
9055 Spur Rd 591
Amarillo, Texas 79107

Hon Michael Sheppard
District attorney
307 N. Gonzales Street
Cuero, Texas 77954

Hon Kemper Stephen Williams
135th District court
Dewitt County, Texas
115 N. Bridge
Victoria Texas 77901

## Statement of Case

On October 12, 1990, Green entered a guilty plea to three counts of credit card abuse, a 3rd degree felony and sentences were to be probated These sentences were to begin subsequent to completion of his Prison sentences for one count of U.U.M.V. and one count of credit card abuse (also both 3rd degree felonies). The Prison terms were 10 yrs t.d.c for the U.U.M.V which was cumulatively imposed against the 10 yr Prison sentence for credit card abuse. Green appealed the consecutive Prison sentences after serving 7½ yrs in prison Green filed a Writ of Habeas corpus by and through his retained Counsel Paige Massey to challenge the Stacking order of the Prison terms (#89-9-7901 and #90-1-7950 causes) This court of criminal appeals reversed and Remanded to the trial court and the court gave Green time served after running the Prison terms concurrently However, the trial court did not give Green time served for the Probated sentences it tried to give him some time served (about 6 yrs prison credit for Probations; which is statutorily prohibited) and ordered the remaining 3 yrs and some months to be completed (in essence it partially stacked the Probated Sentences to run consecutive with the corrected Prison sentences. The issue of Green's ineffective Retained Counsel, Ms Monica Funchess, never was addressed by Mr.

Paige Massey at that time. On August 5, 2013 Green filed a writ of Habeas challenging the Probated Sentences, which he did through the §11.072 C.C.P. and on August 16, 2013 the trial court's finding was that Green's petition was frivolous and denied the writ. The appeal to the 13th Court of Appeals followed and Green's convictions were affirmed on March 12, 2015. Green However received his copy of the appellate court's decision on March 24, 2015; almost 2 weeks later (12 days later to be exact). Green drafted his Motion for Rehearing En Banc on the same day and dropped it into the Prison mail box at 5:02 p.m March 24, 2015 (also the same day). However, the appellate clerk did not stamp it received until March 31, 2015. Since the time line for filing a Motion for Rehearing En Banc is 15 days. Green's Motion was doomed before it arrived. By holding his letter from the 13th Court of appeals notifying him of its March 12, 2015 decision to affirm either the clerk of the court or Neal unit mail room contributed to Green's Motion being for Rehearing En Banc being denied without merit as untimely. This Petition For Review followed.

2

# Grounds For Review

1) The Appeals court Erred in Denying Green's Motion For Rehearing En Banc

2) The Appeals Court Erred in Denying Green's 1st Ground on Appeal: (note: I do not have a copy of my appeals brief nor pertenant records my legal Property was confiscated on oct 13, 2015 and held for 4 months w/o cause. It was dumped in my cell on 2/24/15 and some of my personal & legal property was missing) The appeals court did not re state my 1st Ground So I cant even be sure of how it's worded

3) The Appeals court Erred by Denying Green's 2nd Ground: " the trial court erred by denying Ground 1 in his habeas; that his Probated sentences are illegally stacked".

4) The Appeals court Erred by denying Green's 3rd Ground: the trial court erred in denying Ground #2; His 3 consecutive probated terms were imposed in violation of §42.08 C.C.P.

5) The appeals Court Erred by denying Green's Ground #4; that His trial counsel Retained by him failed to show up at any phase of his trial leaving him to accept court apptd counsel that was ineffective.

3

Ground #1

Appeals court Erred in the Denial of his Motion For Rehearing En Banc:

On learning that his appeal had been denied and his conviction had been affirmed Green immediately (on the same) day drafted his Motion For Rehearing En Banc on the basis that (#1): The court Erred by refusing to hear his ineffective assistance of counsel claim on the basis that it was not brought up on his habeas and therefore couldnt be heard the 1st time on appeal. Green argued that he could bring an ineffective assistance of Counsel claim for the 1st time on appeal. His cited this court's decision in Robinson v. State 16 S.W. 3d 808 Texas crim app 2000) and also the 13th Court of appeals en decision in Cueva vs State (13th court of appeals) Showing that their opinion in my case was in conflict with its own previous opinions and it deprived Green of the Equal Protections He is entitled under the U.S 14 th amendment (#2): That Even if Green's Probated sentences were running concurrently together they were still illegally-Stacked against his prison sentences in causes # 89-9-7901 and 90-1-7950 which this court Reversed and Remanded for being illegally-stacked:

4

However, Green did not receive his copy of the court of appeals decision (which it rendered on March 12, 2015) until March 24, 2015. The Neal unit mail room log should reflect that date as well. Green did draft and file his Motion for Rehearing En Banc on the same day and dropped it into the box. Yet, the clerk of appeals did not stamp it as filed on March 24, 2015. She stamped it as filed March 31, 2015, (which was about 4 days passed deadline) untimely. In the alternative, if the court did hear it as timely filed (Green has no way of knowing) then Denial on the merits was still in error. Given that an issue of ineffective Assistance of counsel can be brought up the 1st time on appeal.

Ground #2   (Green does not have his copy of his brief, it was stolen by State actors but Remembers it was similar to;) The ~~appeals~~ trial court erred when it did not declare Texas Statutes §165.152, §165.152 (revised) & §165.153 TX occp. codes unconstitutional and incapable of consolidation with Green's Dewitt County cases. Thus the appellate court Erred by denying Green's Ground #~~6~~.1

Ground #3: The appeals court Erred by denying Green's 2nd Ground "the trial

court erred by denying Green's 2nd Ground; that his Probated Sentences are illegally stacked:

Ground # 4: The appeals court erred by denying Green's Ground # 4; that his trial Counsel (which he retained in full) failed to show up at any phase of his trial and was blatantly ineffective as Counsel.

## Arguments

Green can not effectively present arguments in these grounds as expressed to the 13th Court of appeals in various motions to compel and motions to abate, State actors on the Neal Unit came into Green's cell on october 13, 2015 ~~under~~ ostensibly to conduct a dog assisted drug search of the entire wing. Only My property was taken and I am not and have never been associated with drugs. My legal property was confiscated and I was never given an I-185 or I-186 form to show cause or justification of the confiscation of legal property. I was never given confiscation Papers for My personal property. My I.D. card was taken and for 4 months I was deprived of the 3 hot meals because you

need an I.D. card to access chow meals, legal mail, medications, + law library, with the exception of legal mail (I was able to get legal mail some times) I was continuously denied these. I ate 1 meal a day due to the fact that I worked in the kitchen. When they did attempt to return my property it was without the 1-185 or 1-186 form or the Prop-08 papers for confiscation of ~~the~~ personal property so since I couldn't be sure of what was in the bags (these forms itemize what was seized and by whom) I refused to sign and they refused to return. Then I was offered property again after it was alleged that I had signed the inventory paper (this is when you leave the unit for some reason and your property is inventoried until your return and signed by an officer) even though I had never left this unit. I told them as much and said I had not signed any form. Apparently one of the officers (either officer Hardy or officer Bay) attempted to forge my signature and made the mistake of using the 1st name of another inmate whose last name was Green (1st name Kenneth) but whose 1st name was not Markus. Enclosed is a copy of that forged inventory slip.

I again refused and complained by motion to the 13th court of appeals by letter & motion. No action was taken to correct it or safe-guard my legal papers.

On 2/24/15 my legal property was dumped in my cell as well as my personal property just in time for the March 12, 2015 denial of my appeals and in time for me to make a haste P.D.R. with missing records. So, since I am not being allowed to present a proper P.D.R. and of every effort to file a motion has been ignored and every effort to timely file a Motion for Rehearing En Banc has been sabotaged I can only expect this court to deny or dismiss this P.D.R as not conforming to the rules and hope to move forward with a writ of certiorari after denial or dismissal of this case is made Thank you.

Signed on this 24th day of April 2015.

By: Markus A Green # 1118715

## Prayer

Wherefore Premeses Considered Petitioner Prays this Court will Grant him Discretionary Review and Reverse and Remand his conviction back to the trial court for a new trial.

## Un-Sworn Declaration

My name is Markus a Green and my TDCJ # is 1118715 and I do hereby declare under the penalty of perjury, that the statements made by me and the documents presented in support are true and correct to the best of my ability and are not made to harass anyone or delay the administration of justice.

Signed on this 24th day of April 2015

By: Markus Antonius Green #1118715

9



Exhibit #1

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## Offender Property Inventory

**CONTROL #**

**Offender** (*Print name*): Green Kwarurtler   **TDCJ#:** 1118715   **Unit:** KN

**Date of Inventory:** 10-14-14   **Reason for Inventory:** 3tt Inventory

## Section I: Authorized Offender Property

*Instructions:* Enter the quantity in the appropriate column beside the item at time of inventory.

**KEY:** "O" = In Offender's possession; "P" = Stored in Property Room; ✓ = Must be registered; * = Only females may possess

| ITEM | O | P | ITEM | O | P | ITEM | O | P | ITEM | O | P |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Consumable Items** | | | **Gender-Related (Females Only)** | | | **Personal Hygiene Items** | | | **Miscellaneous Items** | | |
| Bread | | | * Bobby Pins | | | Activator | | | ✓ Alarm Clock (Limit 1) | | |
| Canned Drinks | | | * Bras (Limit 7) | | | After Shave | | | Commissary Bag | | |
| Candy | | | * ✓ Curling Iron | | | Baby Oil | | | Commissary Chain (Limit 1) | | |
| Cheese | | | * Douche Items | | | Baby Powder | | | Cup | 1 | |
| Chips | | | * Gender Box | | | Brush | | | Handkerchief | | |
| Coffee | | | * ✓ Hair Dryer | | | Comb | | | Pencil Sharpener (Limit 1) | | |
| Crackers | | | * Hair Accessories (6 items/sets) | | | Conditioner | | | Plastic Bowl | 3 | |
| Hot Sauce | | | * Hair Rollers (Limit 24) | | | Dental Flossers | | | Plastic Lock/key (1 per box) | 1 | |
| Jelly | | | * Hair Ties | | | Deodorant | 2 | | Small Nail Clippers (Limit 1) | | |
| Meats | | | * Make-up (10 Items) | | | Foot Powder | | | Spoon | 1 | |
| Pastries | | | * Panties (Limit 7) | | | Hair Dressing/Food | | | Tweezers | 1 | |
| Peanut Butter | | | * Perfume Lotion (Limit 2) | | | Hair Gel | | | Work Gloves (Limit 1) | | |
| Pickles | | | * Sanitary Napkins/Tampons | | | Lotion | 1 | | TDCJ Rule Book (GR-107) | | |
| Soup | | | * Stud Earrings (Limit 2 pair) | | | Petroleum Jelly | | | Type Writer Ink | 1 | |
| Spreads | | | **Health Care Device/Supplies** | | | Razor, Disposable | | | KOP | 2 | |
| Sweetener | | | ✓ Prescription Eye Glasses | | | Shampoo | | | Mouthwash | 1 | |
| Tortillas | | | ✓ Prescription Sun Glasses | | | Shaving Cream | | | Calculator | 1 | |
| **Correspondence/Publications** | | | | | | Shower Shoes | | | | | |
| Letters | | | (✓ Only if free-world) | | | Soap/Soap Dish | 10 | | | | |
| Magazines | | | **Jewelry Items (1 each)** | | | Tooth Brush/Holder | | | | | |
| Newspapers | | | ✓ Wedding Ring | | | Tooth Paste/Powder | 3 | | | | |
| **Craft Items** | | | ✓ Wrist Watch | | | **Religious Items** | | | | | |
| Colored Pencils | | | **Legal Material** | | | ✓ Medallion (Religious) | | | | | |
| Water Colors | | | Pleadings, Transcripts, law books, notes, atty. letters, carbon paper, writ envelopes, etc. **Estimate Qty.** | ✓ | | **Other:** (Headband, Hijab, Kufi, Medicine Bag, Natural Objects, Prayer Rug, Tallith-Prayer Shawl, Turban, Wooden Comb, Yarmulke | | | | | |
| **Educational Items** | | | | | | | | | | | |
| All Books | | | **Necessity Items** | | | | | | | | |
| Literature (Pamphlets) | | | Gym Shorts-Personal (Limit 4) | 1 | | **Stationery Items** | | | | | |
| **Electrical Equipment (1 each)** | | | Shoes (State-issue, limit 1 pair) | | | Envelopes | | | | | |
| ✓ Fan | | | Shoes (✓ Personal, limit 1-2 pair) | | | Greeting Cards | | | **NOTE ITEMS ON OFFENDER'S PERSON** (i.e. wedding ring, watch, shoes, t-shirt, etc.): | | |
| Headphones | 1 | | Socks-Personal (Limit 4 pair) | | | Ink Pens | | | | | |
| ✓ AM/FM Booster/Antenna | | | Thermal Bottom-Personal (Limit 2) | | | Paper | | | | | |
| ✓ Hot Pot | | | Thermal Top-Personal (Limit 2) | 1 | | Pencils | | | | | |
| ✓ Outlet Adapter | | | T-shirt-Personal (Limit 4) | | | Stamps (60 Max.) | | | | | |
| ✓ Clamp-on Lamp | | | | | | Tablets | | | | | |
| ✓ Radio | 1 | | | | | | | | | | |
| ✓ Typewriter/Word Processor | | | | | | | | | | | |

## SECTION II: Staff Acknowledgment of a complete and accurate inventory

*Instructions:* If offender is not present during inventory, there must be a staff witness.

Inventory Staff (*Print name*): _____   Signature/Date: Day 10/14/14

Staff Witness (*Print name*): _____   Signature/Date: _____

## SECTION III: Offender Receipt of Property

I have reviewed the above inventory of my personal property and it is correct. I understand that if I choose to possess property while in TDCJ, I consent to its rules and regulations regarding acquisition, possession, storage, and disposition. I also understand that In the event of loss or damage determined to be the responsibility of TDCJ, reimbursement would generally be paid at no more than $50 per item.

A.   **Items Retained by Offender and/or stored in the Property Room (See items marked above)**
Offender (*Signature/Date*): _____   Staff Initials/Date: _____

B.   **Items Returned to Offender (See items marked above)**
Offender (*Signature/Date*): _____   Staff Initials/Date: _____

Instructions on back of Form          Las instrucciones de espalda de forma

PROP-05 (1-1-2005)          Original Offender File; Yellow Property Room/Intake; Pink with Stored Property; Gold to Offender

O/F claims he is missing property

# OFFENDER NOTICE OF RESPONSIBILITY

Offenders who have property stored in the unit property room for one of the following reasons are responsible for making notifications regarding that property, as noted below:

- **RELEASE FROM THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE FOR PAROLE OR EMERGENCY ABSENCE**

  You must contact the property officer on your last unit of assignment to make arrangements for disposition of any property left in the custody of the agency. If you fail to make notification in **30 days** following your release, your property will be disposed of in accordance with the guidelines set forth in Administrative Directive 03.72.

- **RELEASE FROM THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE FOR BENCH WARRANT**

  You must contact the property officer on your last unit of assignment to make arrangements for disposition of any property left in the custody of the agency. If you fail to make notification up to **6 months** following your release, your property will be disposed of in accordance with the guidelines set for in Administrative Directive 03.72. (NOTE: Upon your return to TDCJ, you may only bring in the items you took when you left, and then only if it is on the list of authorized property for newly-received offenders.)

- **PLACEMENT IN ADMINISTRATIVE SEGREGATION, OR DEATH ROW, LEVEL 3 STATUS**

  All restricted property will be inventoried and stored in property room. If you remain in level 3 status for a period of **9 months** consecutive you must make disposition of your stored property. The property officer will contact you to determine if you wish to have the property mailed to or picked up by someone on your approved visitors list. if you fail to make disposition of the property, it will be disposed of in accordance to the guidelines set forth in Administrative Directive 03.72.


# NOTICIA DE RESPONSABILIDAD PARA LOS PRESOS

Ofensores que tienen la propiedad almacenada en la habitación de la propiedad de la unidad para uno las razones siguientes son responsables de hacer las notificaciones con respecto a esa propiedad, cuando notado abajo:

- **LA LIBERACIÓN DEL DEPARTAMENTO DE TEJAS DE LA JUSTICIA CRIMINAL PARA LA AUSENCIA DE LA LIBERTAD CONDICIONAL O LA EMERGENCIA**

  Usted debe avisar al oficial de la propiedad en su ultima unidad de la tarea para los arreglos para la disposición de cualquier izquierda de la propiedad en la custodia de la agencia. Si usted falla de hacer la notificación en **30 días** que siguen su liberación, su propiedad se deshará de acuerdo con las pautas exponen en Administrativo Directivo 03.72.

- **LA LIBERACIÓN DEL DEPARTAMENTO DE TEJAS DE LA JUSTICIA CRIMINAL PARA LA AUTORIZACIÓN DE BANCO**

  Usted debe avisar al oficial de la propiedad en su ultima unidad de la tarea para hacer los arreglos para la disposición de cualquier izquierda de la propiedad en la custodia de la agencia. Si usted falla de hacer la notificación hasta **6 meses** que siguen su liberación, su propiedad se deshará de acuerdo con las pautas exponen en Administrativo Directivo 03.72. (Nota: Sobre su regreso a TDCJ, usted puede solo introduce los articulos usted tomo cuando usted dejo, y entonces solo si esta en la lista de la propiedad autorizada para ofensores nuevamente recibidos.)

- **LA COLOCACIÓN EN LA SEGREGACIÓN ADMINISTRATIVA, O EN LA FILA DE LA MUERTE, NIVELA 3 POSICIÓN**

  Toda propiedad restringida se inventariara y será almacenada en la habitación de la propiedad. Si usted permanece en el nivel 3 posición por periodo de **9 meses** consecutivos usted debe hacer la disposición de su ha la propiedad almacenada. El oficial de la propiedad lo avisara para determinar si usted desea tener la propiedad enviada a o recogido por alguien en su ha la lista aprobada de visitantes. Si usted falla de hacer la disposición de la propiedad, se deshará de en la conformidad a las pautas expuso en Administrativo Directivo 03.72.



NUMBERS
13-13-00544-CR
13-13-00545-CR
13-13-00546-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

EX PARTE MARKUS ANTONIUS GREEN

On appeal from the 24th District Court
of De Witt County, Texas.

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Chief Justice Valdez

By five issues, appellant, Markus Antonius Green, appeals the denial of his petition for writ of habeas corpus challenging the terms of his community supervision imposed in 1990 for convictions for three separate offenses of credit card abuse. *See* TEX. PENAL CODE ANN. § 32.31(b), (d) (West, Westlaw through 2013 3d C.S.). We affirm.

I.     BACKGROUND

On October 12, 1990, pursuant to a plea agreement, Green pleaded guilty to three counts of credit card abuse, a third-degree felony in this case, in trial court cause numbers 90-1-7951, 90-1-7952, and 90-1-7953. *See id.*; *see also id.* § 32.31(d) (West, Westlaw through 2013 C.S.) (stating that credit card abuse is a state jail felony unless it is committed against an elderly individual, in which case it is a third-degree felony). The trial court accepted Green's pleas, adjudicated Green guilty of the three offenses, and sentenced Green to three concurrent ten-year sentences.[1] The trial court suspended the imposition of the sentences in each cause and placed Green on probation for a term of ten years. The record shows that "[t]here was no revocation in any of the three causes, and all three of the probation causes were allowed to terminate" by the community supervision and corrections department of Victoria, Texas.

According to Green, he was subsequently convicted of the offense of practicing medicine without a license, which is unrelated to the 1990 credit card abuse offenses, and he received a forty-year sentence.[2] On August 5, 2013, Green filed a petition for writ of habeas corpus challenging the three convictions for credit card abuse on the basis that the trial court had sentenced him to three consecutive probated ten-year sentences that he would have to serve once he is released from prison on the separate sentence he is now serving. On August 16, 2013, finding that Green's petition is frivolous, the trial court denied it. This appeal followed.

## II.  STANDARD OF REVIEW

---

[1] Each judgment recites that the three causes will be "concurrent unless otherwise specified." None of the judgments specifies otherwise.

[2] Green represented in his brief that the offense is practicing medicine without a license and causing psychological harm.

2

Generally, we review a trial court's decision on a writ for habeas corpus under an abuse of discretion standard of review. *See Ex parte Cummins*, 169 S.W.3d 752, 755 (Tex. App.—Fort Worth 2005, no pet.); *see also Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011) (stating that the *Guzman* abuse of discretion standard applies to appellate review of habeas corpus proceedings). The burden of establishing by a preponderance of the evidence that the facts entitle him to relief are on the applicant seeking post-conviction habeas corpus relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). We consider the evidence presented in the light most favorable to the habeas court's ruling. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). This deferential review applies even when the habeas court's factual findings are implied rather than explicit and are supported by the record. *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006). "There is less leeway in an article 11.072 context to disregard the findings of a trial court." *Ex parte Garcia*, 353 S.W.3d at 787–88. "However, when the facts are uncontested and the trial court's ruling does not turn on the credibility or demeanor of witnesses, a de novo review by the appellate court is appropriate." *Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, no pet.).

## III. DISCUSSION

By his first issue, Green contends that he is entitled to post-trial habeas corpus relief on the basis that sections of the Texas Occupations Code are unconstitutional.[3] In his petition for writ of habeas corpus and on appeal, Green seeks to challenge the

---

[3] Specifically, Green alleges that sections "165.152 revised, and []165.153" of the occupations code are unconstitutional because his sentences for credit card abuse are stacked on his forty-year sentence. However, as stated above, Green cannot collaterally attack through a writ of habeas corpus the practicing medicine conviction without showing that an appeal was not available, and he has not done so.

3

sections of the occupations code related to his practicing medicine without a license and causing psychological damage conviction. Habeas corpus is not available to a defendant whose complaints could have been challenged by way of an appeal. *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007) ("Habeas corpus is an extraordinary remedy and is available only when there is no other adequate remedy at law.") (citing *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004)). Green presented no evidence or legal authority to the habeas court that he could not have pursued a direct appeal of his conviction for practicing medicine without a license and causing psychological harm on the basis that the statutes are unconstitutional. *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004) ("Even a constitutional claim is forfeited if the applicant had the opportunity to raise the issue on appeal.").[4] Therefore, we conclude that Green did not meet his burden of showing by a preponderance of the evidence that he is entitled to habeas corpus relief on that ground. The habeas court did not abuse its discretion in denying Green's writ on that basis, and we overrule Green's first issue.

Issues two, three, five, and to a certain extent one are premised on the assumption that the trial court in the three credit card abuse cases wherein Green pleaded guilty sentenced him to three consecutive ten-year terms of community supervision.[5] Specifically, Green argues that his community supervision was illegally stacked under

---

[4] Green states in his brief that he appealed from his practicing medicine without a license conviction. Thus, we conclude that he had the opportunity to appeal the constitutionality of the applicable statutes.

[5] By his second, third, and fifth issues, Green contends that: (1) "The [t]rial [c]ourt [e]rred in its [d]enial of [g]round [n]umber [o]ne [in his application for habeas corpus relief] that appellant's probated sentences are illegally-stacked [sic]"; (2) "The [t]rial [c]ourt [e]rred in the [d]enial of [a]ppellant's [g]round number two: that his three consecutive probation terms were imposed in violation of § 42.08(a) . . . and are now illegally-stacked [sic] against his current 40 [year] [p]rison term"; and (3) "Appellant's three [p]robated [s]entences cannot be consolidated, modified, or corrected to run concurrently, with his current 40 [year] sentence by statute [and] violates [d]ue [p]rocess of [l]aw."

4

Texas Code of Criminal Procedure section 42.08, which he argues "prohibits state prosecutors from imposing felony probations that are consecutive if the cumulative total of the probation terms imposed, exceed 10 years." *See* TEX. CODE CRIM. PROC. ANN. § 42.08 (West, Westlaw through 2013 3d C.S). He further complains that he will be required to serve the three consecutive ten-year terms of community supervision once he serves his forty-year sentence in the separate cause.

Green alleged in his application for habeas corpus relief that the complained-of terms of community supervision had not been initiated and that upon his parole from prison, those sentences could be imposed at any time without warning and he would have to serve them consecutively. Green claims that the sentences are illegally cumulated by court order.[6] However, upon our review of the judgments in each of the three credit card abuse cases before us and the subject of Green's writ of habeas corpus, we find that none of the probationary sentences have been ordered to run consecutively. In fact, as previously mentioned, the judgments state that the community supervision periods would run concurrently unless otherwise specified, and there is nothing in the judgments indicating that the community supervision periods were ordered to run consecutively. Moreover, on January 31, 2014, Susan F. Longoria of the 24th Judicial District Community Supervision and Corrections Department filed a letter with the habeas court stating:

> As requested, this letter provides information on the above referenced defendant [Green in trial cause numbers 90-1-7951, 90-1-7952, and 90-1-7953]. On October 12, 1990, Mr. Green was convicted of the offense of Credit Card Abuse (in each cause [listed above]) and sentenced to ten (10) years IDTDCJ, probated for ten (10) years.

---

[6] In his application for habeas corpus relief, Green points to nothing in the record showing that there is any court order to this effect.

There was no revocation in any of the three causes, and all three of the probation causes were allowed to terminate.

Viewing the evidence in the light most favorable to the habeas court's ruling, we conclude that Green has not met his burden of establishing by a preponderance of the evidence that he is entitled to post-conviction habeas corpus relief on the basis that his community supervision was illegally stacked in contravention of section 42.08. *See Ex parte Richardson*, 70 S.W.3d at 870. We overrule appellant's second, third, and fifth issues. We overrule Green's first issue to the extent that he argues that the stacking of his credit card abuse community supervision terms makes the complained-of sections of the occupations code unconstitutional.

By his fourth issue, Green contends that he received ineffective assistance of counsel at various stages of trial when he pleaded guilty to the three counts of credit card abuse. However, Green did not present this argument to the habeas court. Thus, he has not preserved his complaint for our review, and we may not address it for the first time on appeal. *See Hughes v. State*, 16 S.W.3d 429, 431 (Tex. App.—Waco 2000, no pet.); *see also Ex parte Motta*, No. 13-13-00667-CR, 2014 WL 6602280, at *3 (Tex. App.—Corpus Nov. 20, 2014, no pet.) (mem. op., not designated for publication) (finding that the appellant waived his argument regarding the trial court's admonishments because he did not include the argument in his application for writ of habeas corpus) (citing TEX. R. APP. P. 33.1(a)(1); *Ex parte Torres*, 941 S.W.2d 219, 220 (Tex. App.—Corpus Christi 1996, pet. ref'd); *Ex parte Saldana*, 13–01–00360–CR, 2002 WL 91331, at *5 (Tex. App.— Corpus Christi Jan. 24, 2002, no pet.) (mem. op., not designated for publication)). Accordingly, we overrule Green's fourth issue.

## IV.  CONCLUSION

We affirm the trial court's denial of Green's application for writ of habeas corpus.[7]

/s/ **Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
12th day of March, 2015.

---

[7] We deny appellant's motion to direct the court to correct remedial errors that was carried with the case on May 14, 2014. We deny as moot Green's motion to file motions marked received that was carried with the case on September 23, 2014. Because the clerk of this Court has marked Green's brief as filed and we have reviewed his appellate issues, we deny his motion for extension of time to file his brief as moot that was also carried with the case on May 14, 2014. We deny Green's motion to challenge the constitutionality of Texas Occupations Code sections 165.152, 165.152 revised, and 165.153(1) and (2) that was also carried with the case on September 24, 2014.